cc order, docket, letter of remand to LASC, Northwest District, Van Nuys
Case No. 08B01708

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS - 6**

| Case No. | CV 08 - 2000 ODW (RZx) | Date | June 5, 2008 |
|---|---|---|---|
| Title | *MHS-Rossmore, LLC. v. Lourdes Crotzer, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In chambers)   **Order GRANTING Plaintiff's Motion to Remand**

Defendant Lourdes Crotzer removed this unlawful detainer action from California state court on March 28, 2008. She claims this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because her tenancy is subject to the federal Section 8 housing program, 42 U.S.C. § 1437f and 24 C.F.R. 982.309 et seq. Plaintiff MHS-Rossmore, LLC now moves to remand, arguing that the underlying complaint does not allege a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The court agrees with Plaintiff and remands the action to the Los Angeles Superior Court.

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Because Defendant's arguments appear to conflate the two grounds, the court addresses each in turn.[1]

---

[1] There is an exception to the well-pleaded complaint rule, which Defendant purports to invoke. Specifically, removal is proper (notwithstanding the rule) "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8 (2003). This argument fails, however, because Section 8 is not such a statute. *See Attorney General v. Brown*, 511 N.E.2d 1103, 1105-06 (1987) ("There is nothing in [Section 8] that explicitly preempts State regulation. In fact, the [ ] statute envisions participation by States in the implementation of the program, thus, reducing the persuasiveness of the argument in favor of preemption.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**JS - 6**

| Case No. | CV 08 - 2000 ODW (RZx) | Date | June 5, 2008 |
|---|---|---|---|
| Title | *MHS-Rossmore, LLC. v. Lourdes Crotzer, et al.* | | |

### *Federal Law Does Not Create Plaintiff's Unlawful Detainer Cause of Action*

Defendant offers no authority for the proposition that Section 8 creates a federal cause of action, and nothing in the case law and relevant statutes implies such a right. To the contrary, "After reviewing the statute, the regulations, and the HUD Handbook guidelines governing the Section 8 program, we are of the opinion that Congress did not intend to create enforceable rights for individual applicants nor to allow private enforcement of the Section 8 program." *Hill v. Group Three Housing Development Corp.*, 799 F.2d 385, 394 (8th Cir. 1986); *see also Stevenson v. San Francisco Housing Authority*, 24 Cal.App.4th 269, 283 (Cal. App.1st Dist. 1994) (Section 8's "statutory purpose of lending monetary assistance to families seeking adequate shelter distinguishes the instant case from cases finding a private right of action . . .."); *accord All Mission Indian Housing Authority v. Magante*, 526 F.Supp.2d 1112, 1115 (S.D. Cal. 2007) ("The regulatory scheme detailed in NAHASDA . . . does not provide a federal cause of action for a simple eviction proceeding, even one brought by an entity whose work is authorized by NAHASDA.").

### *Plaintiff's Claim Does Not Turn On A Substantial Question Of Federal Law*

Defendant contends the relationship between herself and Plaintiff was "created under an act of [C]ongress [42 U.S.C. § 1437f] . . . [and that] the determination of whether that relationship has been . . . terminated is therefore within this court's jurisdiction under Article III and under 28 U.S.C. § 1331." (Opp'n at 3.) Not so.

"[A] long and unbroken line of Supreme Court decisions holds that [a complaint in ejectment] presents no federal question . . . even when a plaintiff's claim of right or title is founded on a federal statute, patent or treaty." *Fort Mojave Tribe v. Lafollette*, 478 F.2d 1016, 1018 (9th Cir. 1973) (citation omitted). Defendant does not explain how the present case is any different. To the extent that jurisdiction may lie in some ejectment actions where the complaint alleges a "substantial controversy between the parties regarding the interpretation or effect of federal law," *Lafollette*, 478 F.2d at 1018, Plaintiff's complaint presents no such controversy. The only references to federal law in Plaintiff's complaint merely acknowledge that the subject tenancy involved a "Section 8 agreement terminated by [a] 90 Day Notice to Change Rental Obligation." (Compl. at 1, 2.) The complaint nowhere suggests that resolution of Plaintiff's claim to relief turns on an interpretation of federal law. Rather, Plaintiff's resort to a form-complaint "Approved for Optional Use [by the] Judicial Counsel of California," coupled with its silence as to any federal controversy affecting Plaintiff's claim, would seem to ground this action in state law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | CV 08 - 2000 ODW (RZx) | Date | June 5, 2008 |
|---|---|---|---|
| Title | *MHS-Rossmore, LLC. v. Lourdes Crotzer, et al.* | | |

     This brings us to another jurisdictional impediment inhering in Defendant's removal: Defendant attempts to invoke federal question jurisdiction based on an anticipated defense; namely, that the termination of her Section 8 agreement violated federal law. (*See* Opp'n at 3) (citing 42 U.S.C. § 1437f).[2] As the foregoing discussion illustrates, however, "arising under" jurisdiction is determined by examining the claims and disputes necessarily alleged in Plaintiff's well-pleaded complaint, not by divining a defense grounded in federal law. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) ("[A] defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (internal quotations and citation omitted) (emphasis in original); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987) (a federal defense does not confer federal jurisdiction over a plaintiff's state-law claim)). In sum, this action was improperly removed and is hereby REMANDED.

     Plaintiff's request for $1,800 in fees "incurred as a result of the removal" is denied. (*See* Mot. at 7) (quoting 28 U.S.C. § 1447(c)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Defendant does not explain why Plaintiff's removal was objectively unreasonable and the court is disinclined to so find. *See*, *e.g.*, *Swords to Plowshares v. Kemp*, 423 F.Supp.2d 1031, 1037 (N.D.Cal. 2005) ("Court declines to find that unlawful detainers, as a matter of law, are not removable to federal court.").

     **SO ORDERED.**

|  | -- | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | RGN |

---

    [2] This statute provides that "[f]or the purpose of aiding low-income families in obtaining a decent place to live and of promoting economically mixed housing, assistance payments may be made with respect to existing housing in accordance with the provisions of this section." 42 U.S.C. § 1437f(a). The statute and accompanying regulations go on to detail, among other things, the contents of an "assistance contract entered into pursuant to this section." 42 U.S.C. § 1437f(c). *See also* 24 C.F.R. § 982.310 (setting forth the grounds and means for terminating Section 8 agreements).